UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BOYCE LAMARR BLANCHARD,        )
                               )
                Plaintiff,     )
                               )
        v.                     )   No. 4:15CV1919 JMB
                               )
RICHARD FRANK, et al.,         )
                               )
                Defendants,    )

**MEMORANDUM AND ORDER**

On December 31, 2015, the Court ordered plaintiff to show cause why this case should not be dismissed for lack of jurisdiction. Upon review of plaintiff's response, the Court finds that the complaint is barred by the statute of limitations and fails to state a claim upon which relief can be granted. As a result, the Court will dismiss this case under 28 U.S.C. § 1915(e).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

### Plaintiff's Allegations

Plaintiff brings this action under 42 U.S.C. §§ 1981, 1983. He also brings state law claims. He alleges that the City of St. Louis violated his constitutional rights by terminating his employment in 2005 after his urinalysis came back positive for cocaine. He was eventually reinstated, and he was terminated again in 2009 after he was arrested for possession of a controlled substance. Plaintiff alleges that he was convicted by a jury on the 2009 charges. Missouri court records show that he was convicted on two counts of felony possession of a controlled substance and was sentenced to seven years' imprisonment. *Missouri v. Blanchard*, No. 0922-CR00725-01 (City of St. Louis).

Plaintiff alleges that his rights were violated because he was not awarded back pay for either of the terminations. Plaintiff primarily argues that the City violated its own policies by terminating him and failing to award him back pay. His allegations pertaining to § 1981 and § 1983 are wholly conclusory.

### Discussion

"Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). The termination of plaintiff's employment occurred more than five years ago. Therefore, the complaint is barred by the statute of limitations.

Moreover, plaintiff's federal claims fail as a matter of law. Title 42 U.S.C. § 1981 provides in pertinent part:

> All persons . . . shall have the same right . . . to make contracts, to sue, be parties, give evidence, and to full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To establish a claim under § 1981, a plaintiff must demonstrate that the defendants purposefully and intentionally discriminated against him on the basis of race. *See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982); *Edwards v. Jewish Hosp.*, 855 F.2d 1345, 1351 (8th Cir. 1988). The complaint contains no facts indicating that any actions taken by defendants were motivated by purposeful race discrimination against plaintiff. As a result, plaintiff's § 1981 claim fails to state a claim upon which relief can be granted.

Plaintiff's § 1983 claim fails because he does not have a constitutional right to employment with the City of St. Louis. As a result, the complaint must be dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 21st day of January, 2016.

_Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE